No. 83-512

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

---

RUSTICS OF LINDBERGH LAKE, INC.,
a Montana corporation,

     Plaintiff and Respondent,

 -vs-

PAUL LEASE,

     Defendant and Appellant.

---

APPEAL FROM: District Court of the Fourth Judicial District,
      In and for the County of Missoula,
      The Honorable Douglas Harkin, Judge presiding.

COUNSEL OF RECORD:

  For Appellant:

    Skelton & Cooley, Missoula, Montana

  For Respondent:

    Ellingson, Lovitt & Moe, Missoula, Montana

---

      Submitted on Briefs: August 17, 1984

          Decided: November 13, 1984

Filed: NOV

_Ethel M. Harrison_
_____
      Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Paul Lease appeals the judgment of the Missoula County District Court awarding plaintiff certain sums due on a promissory note, attorney fees and interest.

Appellant, Paul Lease, and respondent, Rustics of Lindbergh Lake, Inc. (hereinafter Rustics), entered into an oral agreement November 16, 1979, whereby Rustics was to charge Lease 17 percent interest on the unpaid balance of an account under which Lease purchased logs from Rustics. Lease continued to purchase logs and fell further behind in his payments. By agreement of the parties, the amount owed on April 17, 1980, by Lease was reduced to a promissory note. The agreed balance and interest due at that time was $14,760.67. Lease signed a promissory note on April 17, 1980, for this amount and the note was to be paid in full sixty days later on June 16, 1980. The note carried a 20 percent per annum interest rate on its face. The discount rate on ninety-day commercial paper at this time was 13 percent.

Payments totaling $8,550 were made on the note between May 5, 1980, and August 21, 1980. Rustics filed suit for collection of the unpaid balance on August 19, 1980. Lease counterclaimed alleging the note was usurious and that past dealings between the parties were tainted by usury.

Rustics moved for summary judgment and the trial court granted Lease a partial judgment against Rustics of $984.04. This amount represented the statutory usury penalty provided by section 31-1-108(1), MCA. Subsection (1) of this statute provides:

> "The taking, receiving, reserving, or
> charging a rate of interest greater than

2

is allowed by 31-1-107 shall be deemed a forfeiture of a sum double the amount of interest which the note, bill, or other evidence of debt carries or which has been agreed to be paid thereon."

The court found the note constituted a forbearance by the creditor and that the interest was greater than allowed by law. Section 31-1-107, MCA, provided in 1980 that:

"On amounts up to $150,000, parties may agree in writing for the payment of any rate of interest not more than 10% per annum or more than 4 percentage points in excess of the discount rate on 90-day commercial paper in effect at the federal reserve bank in the ninth federal reserve district, whichever is greater, and such interest shall be allowed according to the terms of the agreement."

The 20 percent interest charged on the note was greater than the 17 percent allowed by the statute as the discount rate at this time was 13 percent. Thus, the usury penalty under section 31-1-108(1), MCA, was calculated as a sum twice the amount of interest appearing on the note. The court computed the interest over the two-month term of the note, from the date of execution to the date the note was due, to arrive at the $984.04 penalty.

Lease then filed his own motion for summary judgment requesting double the amount of usurious interest paid on his account, both before and after the term of the promissory note. This usury penalty for interest actually paid arises out of section 31-1-108(2), MCA. The District Court denied Lease's motion. The court based its ruling on two grounds, that the agreement to pay 17 percent interest on the open account, distinguished from the promissory note, was part of a bona fide sale and purchase agreement, and that no counterclaim was filed seeking the affirmative relief of section 31-1-108(2), MCA, within the two-year statute of limitations.

A final consolidated judgment was entered by the District Court October 18, 1983. This judgment awarded plaintiff Rustics $5,326.63 plus interest on the note and fees of $1,136.11. The award was apparently calculated by offsetting the $14,760.67 note with the $8,550 payments and $984.04 usury penalty. Fees were calculated by awarding defendant Lease $1,000 for his successful partial summary judgment concerning the usurious note and Rustics $2,136.11 for its fees on the collection claim. The plaintiff Rustics was therefore granted $1,136.11 as the net amount of the total fees awarded.

Lease and his wife filed for bankruptcy under Chapter 13 of the United States Bankruptcy Code on October 20, 1983. Rustics filed a proof of claim for the full amount of its judgment against Lease. Lease and his wife did not dispute such proof and the amended Chapter 13 plan, which was approved March 16, 1984, provides for full payment of such claims over a five-year period.

Lease alleges on appeal that the District Court failed to properly calculate the usury penalty on the promissory note. He contends that the forfeiture provisions apply after the due date of the note. Rustics contends that appellant did not raise this issue in the lower court and is now precluded from raising it on appeal. Rustics also argues that Lease's failure to object to the proof of claim in the bankruptcy proceeding precludes appellate review. Appellant raises the propriety of the attorney fee award as a second issue.

We have reviewed the record of the proceeding below and can find no allegation or argument made by Lease that the usurious interest penalty on the promissory note applies from

the date of its execution to the time of trial. This argument has been made for the first time on appeal in the wake of our recent decision of E.C.A. Environ. Management v. Toenyes (Mont. 1984), 679 P.2d 213, 41 St.Rep. 388. In Toenyes, we held that assessment of a usury penalty on a demand promissory note up to the date of trial was proper where the lender did not abandon or cancel the rights it had under the note after demand. Toenyes was based on this Court's prior decision of Bermes v. Sylling (1978), 179 Mont. 448, 587 P.2d 377, which also construed a demand promissory note. The demand promissory note in Bermes did not carry a fixed rate of usury on its face.

We decline the opportunity to extend the rulings of Toenyes and Bermes to the case at bar which concerns a note due on a specified date. In any event, we note that the issue was not raised nor argued before the trial court. As such, the appellant cannot fault the lower court for failing to reach the question. We hold that issues not raised in the pleadings or otherwise at trial will not be considered on appeal. Huggans v. Weer (Mont. 1980), 615 P.2d 922, 925, 37 St.Rep. 1512, 1515.

The second issue raised by appellant concerns the award of attorney fees. Lease contends that he should be considered the prevailing party for purposes of attorney fees. As noted above, the District Court did find that Lease was entitled to an offset to Rustics' fees for those fees associated with his successful counterclaim on the usurious note. Beyond this award recognized by the lower court, we are unable to find merit in appellant's contentions that he has prevailed. The litigation viewed in its entirety resulted in a substantial net judgment for the plaintiff Rustics. While

no one factor should be considered in determining the prevailing party, the party that survives an action involving a counterclaim with the net judgment should generally be considered the successful party. See, Toenyes, supra. Accordingly, we find no error in the lower court's award of attorney fees.

The judgment of the District Court is affirmed. We need not reach the contentions concerning the bankruptcy proceeding as it would not affect our decision.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

6