No. 86-52

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

_____

IN THE MATTER OF THE ESTATE OF

JIMMIE L. ROGERS, Deceased.

_____

APPEAL FROM:  District Court of the Fifth Judicial District,
              In and for the County of Jefferson,
              The Honorable Frank Davis, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Jackson & Rice; James A. Rice, Jr., Helena, Montana

      For Respondent:

          Jardine, McCarthy & Grauman; John H. Jardine,
          Whitehall, Montana

_____

                              Submitted on Briefs: May 30, 1986

                                  Decided: August 26, 1986

Filed: AUG 2 6 1986


_____
                  Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal by the decedent's children from an order and judgment of the District Court of the Fifth Judicial District, Jefferson County, Montana. The court awarded certain estate property to the decedent's wife. We affirm.

The facts of the case are basically undisputed by the parties.

In October, 1982, Jimmie L. Rogers (decedent) had executed and delivered to his present wife, Patricia A. Rogers (wife) a legal and valid power of attorney which contained a so-called "durable power of attorney clause." This clause permitted the wife to act as Rogers' attorney in fact if he became incompetent. This power of attorney was used by the wife on one or more occasions with regard to the handling of Rogers' business affairs.

Rogers and his wife jointly borrowed money necessary to construct a new home in Jefferson County. Construction began in March, 1983, and was completed in June, 1983, at a total cost of approximately $60,000.

During the course of the construction of the home, Rogers discovered he was afflicted with a terminal illness. After he became aware of his illness, he began to make arrangements to have his interests in certain California notes and deeds of trust assigned to his wife to insure that she would be able to keep their new home.

For a variety of reasons (none of which were the fault of Rogers, his wife, or their local counsel), the assignments of the notes and deeds of trust were not prepared until the latter part of June, 1983, after Rogers had been confined to

a hospital just prior to his death. Rogers was mentally competent when he was presented with the assignments in the hospital, but, because of his weakened condition, could not physically affix his signature to the documents. The record shows that several witnesses in the hospital were aware of Rogers' desire to make the assignments to his wife.

Faced with Rogers' inability to physically execute the assignments, the wife, two days before Rogers' death, executed the assignments to herself, pursuant to the above-described power of attorney. The assignments assigned all of Rogers' right, title and interest in the notes and deeds of trust to the wife.

Rogers died in Silver Bow County, Montana, on June 22, 1983. At the time of his death he was a bona fide resident of Jefferson County, Montana, where he had resided since July, 1979.

The decedent left a last will and testament dated February 16, 1983. This will was admitted to probate in the Jefferson County District Court and provided, in pertinent part, as follows:

> . . . I give, devise and bequeath in equal undivided shares to my three children per stirpes, Jimmie L. Rogers, Jr., Pamela K. Rice and Deborah A. Riccabuono, all property located in the state of California at the time of my death, real, personal or mixed, of which I may die possessed . . .

The will further provided, in part, as follows:

> . . . I give, devise and bequeath all of the rest, residue and remainder of my property, real, personal or mixed, to my wife, Patricia A. Rogers . . .

The children who were mentioned in the will were born of a prior marriage of the decedent. They have no blood relationship to the decedent's present wife.

3

After the decedent's will was admitted to probate in Jefferson County, the children began a separate and non-ancillary probate proceeding in the state of California. They wished to establish that certain contested items of property from the decedent's estate had its situs in the state of California and therefore would pass to them under the terms of the decedent's will. The items of contested property consisted of four notes which were secured by deeds of trust on California real property. The appraised aggregate value of these notes was $82,590.82.

Prior to any further action in the Montana probate proceeding, the California Probate Court ruled that the notes and deeds of trust were personal in character and therefore were under the exclusive jurisdiction of the Montana courts. Consequently, the California court refused to decide any issues relating to the distribution of the contested property.

In June, 1985, the District Court held a hearing to determine which parties were entitled to Rogers' estate property. In September, 1985, the court issued its order and judgment that the assignment of the California notes and deeds of trust by the wife, pursuant to her power of attorney, was a valid transfer of all of Rogers' right, title and interest in such property. The District Court determined that the assignments were made to carry out Rogers' purpose and intent and did not constitute a violation of trust on the part of the wife. Further, the court reasoned that even if the assignments were not valid (which they were), the notes and deeds of trust would pass to the wife under the terms of Rogers' will. They were personal in nature with a situs in the state of Montana, the place of Rogers' residence at the

4

time of his death. The District Court stated that California law and Montana law agree that contracts, such as the ones in the instant case, are personal property with a situs in the state where the decedent was domiciled at the time of his death.

It is from this order and judgment of the District Court that the children, through Jimmie Rogers, Jr., appeal. They present the following issues for review by this Court:

(1) Whether the District Court committed reversible error when it refused to allow the children to complete discovery;

(2) whether the District Court erred in upholding the assignment of the California notes and deeds of trust made by the wife to herself, pursuant to a power of attorney given to her by the decedent;

(3) whether the District Court erred in ruling that the California notes and deeds of trust were Montana property and, as such, pass to the wife under the will of the decedent.

The children argue that following the June, 1985, hearing to determine which parties were entitled to estate property, their counsel discovered two witnesses not previously deposed. These witnesses had information relating to the matters raised during the hearing. After learning of this evidence, their counsel moved for additional time to complete discovery of these parties so that their testimony could be included in the court record and available for the court's decision. The District Court Judge then contacted the children's counsel and asked him to submit a summary of the proposed testimony. Counsel complied with this request. After reviewing the summary, the District Court Judge issued

an order denying counsel's request to complete discovery of these witnesses, ruling that the proposed testimony appeared to be inadmissible (i.e. hearsay). The children now argue that this decision by the District Court was prejudicial to them and was an abuse of the court's discretion. We disagree.

The children readily admit that all trial courts in Montana have the inherent discretionary power to control discovery. State ex rel. Guarantee Insurance Co. v. District Court (Mont. 1981), 634 P.2d 648, 38 St.Rep. 1682. Therefore, based on this standard, we do not need to address the children's contention.

It is necessary to note, however, there was no objection raised on this aspect of the case until the present appeal. We agree with the wife that the record contains no reference, directly or indirectly, regarding the children's claim of error that their discovery rights were prejudiced by the District Court's denial of their motion to extend discovery. The proposed findings of fact, conclusions of law and memorandum submitted by the children did not mention the District Court's denial of their motion. Further, no objection was made, nor was the District Court asked to amend its findings and conclusions. Now, for the first time, this issue is asserted by the children on appeal. Under these circumstances, this Court has made it clear that we will consider for review only those issues raised in the pleadings or otherwise before the District Court. Rustics of Lindbergh Lake, Inc. v. Lease (Mont. 1984), 690 P.2d 440, 41 St.Rep. 2092; and Huggans v. Weer (Mont. 1980), 615 P.2d 922. In the instant case, the children failed to follow this general rule

and consequently their first issue must be disregarded by this Court.

With regard to the second issue, the children claim that the assignment of the contracts by the wife, made to herself pursuant to a power of attorney, are invalid under Montana law. First, the children point out that the wife, as the attorney in fact for Rogers, was acting as his agent.

> A power of attorney is an instrument in writing by which one person, as principal, appoints another as his agent and confers upon him the authority to perform certain specified acts or kinds of acts on behalf of the principal . . .

3 Am.Jur.2d, § 23, Agency.

Next, the children point out that §§ 28-10-401, et seq., MCA, outline the authority of an agent in Montana. Specifically, the children direct this Court's attention to § 28-10-407, which provides in pertinent part as follows:

> Statutory exceptions to general authority.
>
> An authority expressed in general terms, however broad, does not authorize an agent to:
>
> . . .
>
> (3) do any act which a trustee is forbidden to do by Title 72, Chapter 20, Part 2.

Thus, the children argue, the restrictions upon the authority of an agent actually are contained in the statutes which outline the obligations of a trustee.

Under this analysis, the children assert §§ 72-20-201, et seq., MCA, contain many provisions which would have prohibited the actions of the wife in assigning the contracts to herself. For example, § 72-20-201 obligates a trustee (agent) to act in the "highest good faith" toward his beneficiary (principal). Also, § 72-20-202 states that a trustee's

7

influence may not be used to his advantage in his dealings with the beneficiary. Further, § 72-20-203 states that a trustee may not use or deal with trust property for his own benefit. But most important, the children argue, there is a statutory presumption that the assignments made by the wife to herself were done without sufficient consideration and under undue influence. The children direct our attention to § 72-20-208 which reads as follows:

> All transactions between a trustee and his beneficiary during the existence of the trust or while the influence acquired by the trustee remains by which he obtains any advantage from his beneficiary are presumed to be entered into by the latter without sufficient consideration and under undue influence.

Under this statute, the children argue it must be presumed that the transfers made by the wife were done without sufficient consideration and under undue influence. Considering the medical condition of Rogers and the expressed intentions found in his will, the children argue the presumption that the wife acted while Rogers was under undue influence is even greater. The children strongly assert that the wife did not show sufficient evidence to overcome this presumption against her, and the District Court must declare the assignments of property, made by the wife to herself, to be null and void.

While the children's argument is legally correct and persuasively written, we find, as did the District Court, that there is sufficient evidence to uphold the transfer of the notes and deeds of trust to the wife.

The children correctly point out that as a general rule under § 72-20-208, all transactions between an agent and his principal during the existence of an agency relationship are

8

presumed to be null and void. However, there are some exceptions to this general rule. The recognized exception, stated by the Supreme Court of Washington, is as follows:

> And the agent has the burden of proving in every case that his principal not only had knowledge that the agent was to be the buyer or seller, but also the burden of showing that all information in possession of the agent had been communicated to his principal prior to the giving of consent.

Moon v. Phipps (Wash. 1966), 411 P.2d 157, 161.

An exception exists when there is an expressed and explicit understanding between the principal and his agent that a transaction between them is valid. This exception has been recognized in Montana. This Court stated:

> This principle is set forth in comment A to Restatement of Law, Agency 2d, Section 390, in the following language:
>
> ". . . Before dealing with the principal on his own account, however, an agent has a duty, not only to make no misstatements of fact, but also to disclose to the principal all relevant facts fully and completely . . . "

First Trust Company of Montana v. McKenna (1980), 188 Mont. 534, 539, 614 P.2d 1027, 1030. Cited with approval in Myer v. Miller (Wyo. 1981), 631 P.2d 441, 444.

In the case at bar, the agent was the principal's wife. It is undisputed that the husband desired to make assignments of the notes and deeds of trust to his wife in order to insure that she could remain in the home they had recently built and jointly mortgaged. For several months prior to his death, the husband had been trying to do precisely what was ultimately done--assign the notes and deeds of trust to his wife. In eventually performing this task, the wife was merely her husband's alter ego. We conclude that the wife acted in the highest good faith, without any concealment, and

9

accomplished that which her husband originally had desired to accomplish. For these reasons, we affirm the District Court in its approval of the transfer of the notes and deeds of trust to the wife.

In the third issue, the children claim the court erred in ruling that the notes and deeds of trust were Montana property and so passed under the will of the husband. We have affirmed the conclusion of the District Court that the assignment of the notes and deeds of trust to the wife was effective for all purposes. Consequently, nothing remained to pass under the will, and this issue need not be decided.

The order and judgment of the District Court is affirmed.

/s/ John Conway Harrison
Justice

We concur:

/s/ J. A. Turnage
Chief Justice

/s/ Frank B. Morrison

/s/

/s/ William E. Hunt Sr.
Justices